# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| BRENDA CRENSHAW<br><br>Plaintiff,<br><br>v.<br><br>WOODBRIDGE CORPORATION,<br>TAMMY LAYMAN, and<br>RANDY HAFFEY,<br><br>Defendants. | Case No. 5:18-cv-06130-NKL |

# ORDER

Defendants removed this case from the Circuit Court of Platte County, Missouri, asserting federal diversity jurisdiction. Plaintiff Brenda Crenshaw, a resident of Missouri, now seeks to remand to state court arguing that there is no diversity jurisdiction because Defendant Tammy Layman is also a resident of Missouri. Layman contends that she was fraudulently joined and that, when only the properly-joined defendants are considered, there is complete diversity.[1]

Because the Court finds that Layman was not fraudulently joined, the Court lacks subject matter jurisdiction. Plaintiff's motion to remand (Doc. 23) is granted.

## I.  Legal Standard

A defendant may remove to a federal district court a case filed in state court over which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). A federal district court has diversity jurisdiction if (i) the amount in controversy exceeds $75,000, and (ii) the plaintiffs'

---

[1] Crenshaw initially argued that remand was required for the additional reasons that Defendant Haffey was a resident of Missouri and that Defendants had not established an amount in controversy in excess of $75,000. However, Haffey's affidavit shows that he is a resident of Kansas (Doc. 30-1, ¶ 4), and Plaintiff now has conceded that the amount in controversy exceeds $75,000 (*see* Doc. 40).

citizenship is different from the citizenship of each of the defendants. *See* 28 U.S.C. § 1332(a). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The Court must remand a case over which it lacks subject matter jurisdiction. *See In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) ("[T]he case should be remanded if it appears that the district court lacks subject matter jurisdiction.") (citing 28 U.S.C. § 1447(c)).

If a non-diverse defendant was joined solely to prevent removal of a case from state court, the joinder is fraudulent and will not destroy the court's subject matter jurisdiction. *See Prempro*, 591 F.3d at 620 ("Courts have long recognized fraudulent joinder as an exception to the complete diversity rule. Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal.") (citations omitted). However, if there is a reasonable basis in fact and law supporting the claim against the non-diverse defendant, the joinder is not fraudulent." *Filla v. Norfolk Southern. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

Layman bears the burden of establishing that the Court has subject matter jurisdiction over this case, because she removed the action. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015). Any doubt concerning whether the Court has jurisdiction "must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

## II.     Discussion

In her complaint, Plaintiff asserts claims under the MHRA against Layman for race discrimination, hostile work environment, and retaliation. Doc. 24-1. She alleges that Layman was her supervisor when the conduct at issue occurred.

Layman argues that Crenshaw was a "temp" worker at Woodbridge and that Layman was not Plaintiff's supervisor before August 14, 2017, and therefore could not be considered an employer for purposes of the MHRA prior to that date. Layman also points out that the MHRA was amended on August 28, 2017, and after that date, there can be no individual liability under the MHRA. Finally, Layman argues that she did not engage in any of the conduct alleged between August 14, 2017 and August 28, 2017. Therefore, she argues, Plaintiff has no cause of action against her.

Plaintiff argues that Layman was "a Supervisor (…) during the time Plaintiff worked for Defendant Woodbridge." Doc 24-1 ¶ 6. She asserts that "[d]efendant Layman has retaliated against Plaintiff" (*id.* ¶ 46), and that, even after Plaintiff complained about the discrimination she was suffering, "[d]efendant Layman, Plaintiff's direct Supervisor, ignored Plaintiff's complaints" (*id.* ¶ 51).

While Plaintiff does not state the dates on which these acts occurred, "there is a reasonable basis in fact and law supporting the claim." Crenshaw has alleged that Layman was her supervisor and that she discriminated against Plaintiff in violation of the MHRA. *See Filla*, 336 F. 3d at 810. Even Layman admits that she was Crenshaw's supervisor as of August 14, 2017, and the individual-liability provision of the MHRA was not eliminated until August 28, 2017. Thus, even accepting Layman's timeline, there is a period of time when Layman could have been liable under the MHRA for the acts alleged by Plaintiff. For the purpose of deciding jurisdiction, Plaintiff's allegations that at least some of the alleged conduct occurred while Layman could have been considered an "employer" under the MHRA are sufficient.[2]

---

[2] Because the standard for remand is different from the standard for a motion to dismiss, the Court does not consider the Defendants' briefing on the motion to dismiss.

3

The fact that Layman denies having committed any of the acts at issue during the relevant time period underscores that her argument concerns the merits of this case, rather than jurisdiction. Where "the sufficiency of the complaint against the non-diverse defendant is disputed, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Filla*, 336 F. 3d at 811 (citation omitted). It is not clear under state law that Plaintiff does not state a cause of action against Layman, and if there is a reasonable doubt about the facts and dates, the Court is not to decide those questions—instead it must remand the case. *Id.*

## III. Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand. Pursuant to 28 U.S.C. § 1447(c), the case is REMANDED to the Circuit Court of Platte County, Missouri.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 13, 2018
Jefferson City, Missouri